UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED BLACKMON, | Case No.  1:23-cv-00497-KES-HBK (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS [1] |
| v. | |
| CHRISTIAN PFEIFFER, | FOURTEEN-DAY OBJECTION PERIOD |
| Respondent. | (Doc. No. 12) |

Petitioner Ted Blackmon ("Petitioner"), a state prisoner, initiated this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1, "Petition"). In response, Respondent filed a Motion to Dismiss ("Motion") and lodged the state court record in support. (Doc. Nos. 12, 13). Petitioner filed a response to the Motion to Dismiss, and Respondent filed a Reply. (Doc. Nos. 14, 15). For the reasons set forth more fully below, the undersigned recommends granting Respondent's Motion to Dismiss.

## I. BACKGROUND

In 2007, Petitioner was convicted of murder, attempted murder, and being a convicted felon in possession of a firearm in Kern County Superior Court and sentenced to life without the

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

possibility of parole.  (Doc. No. 13-1).  The jury also found true a gang-murder special circumstance allegation, allegations that the crimes were committed with deliberation and premeditation and by personal use of a firearm, and an allegation that the crimes were committed for the benefit of a criminal street gang; and in a bifurcated proceeding, Petitioner admitted prior conviction allegations.  (*Id*.; Doc. No. 13-1 at 1-2).  The judgment was affirmed by the California Court of Appeal in 2008, and in 2009 the California Supreme Court denied a petition for review.  (Doc. Nos. 13-2, 13-3, 13-4).  As noted by Respondent, Petitioner subsequently filed eleven state collateral challenges.  (*See* Doc. No. 12 at 2-3).

Of relevance here, on November 20, 2019, Petitioner filed a petition for resentencing under California Penal Code § 1170.95.[2]  (Doc. No. 13-21).  On December 28, 2020, the Superior Court issued a minute order denying Petitioner relief without a hearing or stating reasons for not issuing an order to show cause.  (Doc. No. 31-22, 13-24 at 29).  On April 27, 2022, the California Court of Appeal affirmed the Superior Court judgment because, while the trial court erred by failing to comply with § 1170.95 requirements to hold a hearing and issue a statement of reasons,

> "[p]ursuant to section 1170.95, a petitioner is ineligible for resentencing if he or she was the actual killer, acted with intent to kill or malice aforethought, or was a major participant in the underlying felony who acted with reckless indifference to life. . ..  [Petitioner] was not prejudiced by the court's failure to comply with section 1170.95 because the record shows he was ineligible for relief as a matter of law.  First, [Petitioner] was charged and convicted as the actual killer. . ..  He was also convicted of attempted premeditated murder as the actual shooter.  He was not convicted as an aider or abettor, or under the felony-murder rule or the natural and probable consequences doctrine."

(Doc. No. 13-24 at 30-32).  The Petition currently pending before the Court raises two grounds for relief: (1) Petitioner's due process rights were violated by the trial court "summarily denying"

---

[2] Section 1170.95 was added by Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015, § 4) and went into effect on January 1, 2019. This provision allows "[a] person convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts .…" (§ 1170.95, subd. (a); accord, *People v. Martinez* (2019) 31 Cal.App.5th 719, 723 ("Senate Bill 1437 was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'")).

his petition for resentencing under § 1170.95 without a hearing or statement of reasons; and (2) the Fifth Appellate District of the California Court of Appeal "engaged in improper factfinding by relying on the appellate decision from [Petitioner's] direct appeal and holding it as harmless error, and not granting an evidentiary hearing." (Doc. No. 1 at 5-7).

In the Motion to Dismiss, Respondent contends the Petition should be dismissed because it is untimely, unexhausted, and fails to raise a cognizable federal claim. (Doc. No. 12). In response, Petitioner argues the Petition is not untimely, Petitioner is "not to blame" for any failure to exhaust administrative remedies, and his federal due process rights were violated because "[t]he State did not follow it's [sic] own State created mandate by denying Petitioner his 'Evidentiary Hearing.'" (Doc. No. 14). In reply, Respondent withdraws the argument that Petitioner's claims are untimely, but maintains the claims in the Petition are unexhausted and not cognizable on federal review. (Doc. No. 15).

## II. APPLICABLE LAW AND ANALYSIS

Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition. R. Governing 2254 Cases 4. The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent." A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

**A. Failure to Exhaust Administrative Remedies**

A petitioner in state custody who wishes to proceed on a federal petition for a writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). Exhaustion is a "threshold" matter that must be satisfied before the court can consider the merits of each claim. *Day v. McDonough*, 547 U.S. 198, 205 (2006). The exhaustion doctrine is not a jurisdictional issue but is based on comity to permit the state court the initial opportunity to resolve any alleged

1 constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*,
2 455 U.S. 509, 518 (1982). To satisfy the exhaustion requirement, petitioner must provide the
3 highest state court with a full and fair opportunity to consider each claim before presenting it to
4 the federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513
5 U.S. 364, 365 (1995). Exhaustion is determined on a claim-by-claim basis. *Insyxieng-May v.*
6 *Morgan*, 403 F.3d 657, 667 (9th Cir. 2005). And the burden of proving exhaustion rests with the
7 petitioner. *Darr v. Burford*, 339 U.S. 200, 218 (1950) (overruled in part on other grounds by *Fay*
8 *v. Noia*, 372 U.S. 391 (1963)). A failure to exhaust may only be excused where the petitioner
9 shows that "there is an absence of available State corrective process" or "circumstances exist that
10 render such process ineffective to protect the rights of the applicant." 28 U.S.C.
11 § 2254(b)(1)(B)(i)-(ii).

12 Here, Petitioner had two filings in the California Supreme Court: (1) a 2008 petition for
13 review of his direct appeal asserting the prosecution's failure "to produce substantial evidence
14 that he was the killer" violated his due process rights under the Fifth and Fourteenth Amendments
15 (Doc. No. 13-3); and (2) and a petition for writ of habeas corpus filed November 16, 2022 that,
16 liberally construed, asserts due process and equal protection violations based on the trial court's
17 alleged failure to "recall the remittitur and reissue the opinion [regarding his petition for
18 resentencing under § 1170.95] thus allowing [him] to timely file a petition for review in [the
19 California Supreme Court]." (Doc. No. 13-25 at 3). However, as noted by Respondent,
20 Petitioner does not raise any of these claims in the federal Petition. Instead, the Petition asserts he
21 was denied due process because the Superior Court summarily denying his petition for
22 resentencing under § 1170.95, and because the state appellate court engaged in "improper fact-
23 finding." (Doc. No. 1 at 5-7). Thus, Respondent argues neither of the claims are exhausted, and
24 the Court should dismiss the Petition. (Doc. No. 12 at 6).

25 In his response, Petitioner generally argues he is "not to blame" for any failure to exhaust
26 and references that he was represented by assigned counsel in his petition for resentencing. (Doc.
27 No. 14 at 1-2). To the extent Petitioner is arguing post-conviction counsel was at fault for the
28 failure to exhaust his claims, this argument is without merit. *See Smith v. Baldwin*, 510 F.3d

1146-47 (9th Cir. 2007) (citing *Coleman*, 501 U.S. at 752-53) ("As the Supreme Court has established, counsel acts as the petitioner's agent and thus any attorney error in post-conviction proceedings is generally attributable to the petitioner himself."). Moreover, while Petitioner was appointed counsel after filing his petition for resentencing, and appellate counsel by the Court of Appeal, Petitioner filed his November 2022 petition for writ of habeas corpus in the California Supreme Court pro se. (See Doc. No. 13-24, 13-25). Petitioner does not show, nor does the Court discern, "an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant" such that Petitioner's failure to exhaust should be waived.

Because the substance of the claims raised in the state courts is different than the substance of the claims in the instant Petition, the state supreme court has not had a fair opportunity to rule on the merits of the issues raised in the Petition. *See* 28 U.S. C. § 2254(b). Thus, the undersigned finds Petitioner has failed to exhaust his claims and recommends the Court dismiss the Petition for failure to exhaust administrative remedies.

**B.  No Federal Habeas Corpus Jurisdiction**

In the alternative, the Petition is without merit. "The habeas statute 'unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (internal citations omitted). Thus, "'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (internal citations omitted); *Swarthout*, 562 U.S. at 219 ("[F]ederal habeas corpus relief does not lie for errors of state law."). A challenge to the provisions of a state sentencing law does not generally state a federal habeas claim. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989). Rather, a federal habeas court is bound by the state court's determination concerning the provisions of state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court

sitting in habeas corpus.")).

Here, Petitioner's grounds for relief are premised on the argument that his due process rights were violated by the trial court's denial of his § 1170.95 resentencing petition without a hearing or a statement of reasons. "Federal courts have routinely held that challenges to denials of section 1170.95 resentencing petitions 'pertain solely to the state court's interpretation and application of state sentencing law and therefore are not cognizable' on federal habeas review." *Green v. Lovello*, 2023 WL 6613013, at *3 (C.D. Cal. Oct. 10, 2023) (collecting cases); *see also Bowen v. Samuels*, 2024 WL 1289579, at *1 (N.D. Cal. Mar. 25, 2024); *Andrews v. Koenig*, 2021 WL 4924959, at * 2 (E.D. Cal. Oct. 21, 2021) ("This Court must accept the state court's determination that Petitioner failed to make a prima facie showing for relief" on his petition for resentencing under section 1170.95). Therefore, as Petitioner's challenges to the denial of his § 1170.95 resentencing petition likewise involves only the application of state sentencing law, they are not cognizable on federal habeas review.

Moreover, Petitioner may not, as he attempts to do here, "transform a state-law issue into a federal one merely by labeling it a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996); *Cole v. Sullivan*, 480 F. Supp. 3d 1089, 1097-98 (C.D. Cal. 2020) (collecting cases holding that denial of resentencing under state sentencing law does not state cognizable claim on federal habeas review). On federal habeas review, the question "is not whether the state sentencer committed state-law error," but whether the alleged sentencing error was "so arbitrary or capricious" as to constitute an independent due process violation. *Richmond v. Lewis*, 506 U.S. 40, 50 (1992).

Here, as explained by the California Court of Appeal in its order upholding the trial court's denial of the petition for resentencing, Petitioner is ineligible for relief under § 1170.95 as a matter of law because he was not convicted as an aider or abettor, or under the felony murder rule or the natural and probable consequences doctrine; rather, he was charged and convicted as the actual killer, and was convicted of attempted premeditated murder as the actual shooter. (*See* Doc. No. 13-24 at 31). Thus, the trial court's denial of his § 1170.95 resentencing petition was not "arbitrary or capricious" and cannot constitute an independent due process violation. *See*

*Sanchez v. Cisneros*, 2023 WL 4313150, *4 (C.D. Cal. May 17, 2023) ("the state court's denial of resentencing was not arbitrary and capricious error resulting in an independent due process violation because petitioner was not eligible for resentencing under section 1170.95"); *Cole*, 480 F. Supp. 3d at 1098 ("Because petitioner apparently was not entitled to resentencing under state law, the failure to grant him such relief was not 'arbitrary or capricious' and did not deprive him of due process.").

For the foregoing reasons, the undersigned recommends that the Petition be dismissed for failure to state a cognizable federal habeas claim.

### III. CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is RECOMMENDED:

1. Respondent's Motion to Dismiss (Doc. No. 12) be GRANTED.

2. The Petition (Doc No. 1) be DISMISSED.

7

3. Petitioner be denied a certificate of appealability.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will review these Findings and Recommendations under 28 U.S.C. § 636(b)(1)(C). A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: May 17, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE