UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED BLACKMON,<br><br>    Petitioner,<br><br>v.<br><br>CHRISTIAN PFEIFFER,<br><br>    Respondent. | Case No. 1:23-cv-00497-KES-HBK (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION TO STAY<br><br>(Doc. No. 19)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

    Petitioner Ted Blackmon, a state prisoner, initiated this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2007 conviction and sentence entered by the Kern County Superior Court. (Doc. No. 1, 13-1). On May 17, 2024, the undersigned issued Findings and Recommendations to grant Respondent's motion to dismiss. (Doc. No. 18). In response, Petitioner filed a motion to stay. (Doc. No. 19, "Motion"). Respondent filed an opposition to the motion to stay, and Petitioner filed a response. (Doc. Nos. 20, 21). For the reasons set forth more fully below, the undersigned recommends denying Petitioner's motion to stay.

**I. BACKGROUND**

    Petitioner initiated this action pro se by filing a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. No. 1, "Petition"). The Petition raised two grounds for relief: (1) Petitioner's due process rights were violated by the Kern County Superior Court's minute order

1  summarily denying his petition for resentencing under § 1170.95 without providing Petitioner a
2  hearing or a statement of reasons; and (2) the Fifth Appellate District of the California Court of
3  Appeal "engaged in improper factfinding" when they relied on the appellate decision from
4  Petitioner's direct appeal to find the Kern Count Superior's Court's order harmless instead of
5  granting him an evidentiary hearing.  (Doc. No. 1 at 5-7).  On October 13, 2023, Respondent filed
6  a motion to dismiss.  (Doc. No. 12).   Petitioner filed a response, and Respondent filed a reply.
7  (Doc. Nos. 14, 15).  On May 17, 2024, the undersigned issued Findings and Recommendations to
8  grant Respondent's motion to dismiss on the basis that both the claims raised by Petitioner were
9  unexhausted; and in the alternative, the Petition lacked merit as the claims were not cognizable on
10  federal habeas review.  (Doc. No. 18 at 3-6).

11  On May 30, 2024, Petitioner filed the instant Motion pursuant to *Rhines v. Weber*, 544
12  U.S. 269 (2005) stating he "needs to time to investigate his claims thoroughly."  (Doc. No. 19 at
13  2).  Respondent filed an opposition, arguing them Motion should be denied because Petitioner
14  "has not provided any good reason" for his failure to exhaust, has not shown his claims are
15  potentially meritorious, and has not shown that he did not intentionally engage in dilatory tactics.
16  (Doc No. 20 at 3-4).  Petitioner filed a reply rearguing the claims in his Petition, claiming "legal
17  mail theft [has] left him time barred," and asking the Court to "grant the stay to insure [sic] his
18  rights are preserved."  (Doc. No. 21).

19  **II.  APPLICABLE LAW AND ANALYSIS**

20  Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has
21  exhausted the remedies available in state court.  To satisfy the exhaustion requirement, petitioner
22  must provide the highest state court with a full and fair opportunity to consider each claim before
23  presenting it to the federal court.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan
24  v. Henry*, 513 U.S. 364, 365 (1995).  The U.S. Supreme Court has held that a district court may
25  not adjudicate a federal habeas corpus petition unless the petitioner has exhausted state remedies
26  on each of the claims raised in the petition.  *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

27  However, under *Rhines v. Weber*, a court may stay all the claims in a petition while the
28  petitioner returns to the state courts to exhaust his already pled but unexhausted claims in his

2

petition. 544 U.S. 269, 277-78 (2005). A stay and abeyance "should be available only in limited circumstances" because issuing a stay "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id*. Under *Rhines*, a stay and abeyance for a mixed petition, a petition that contains both exhausted and unexhausted claims, is available only where: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. *Id*.

Petitioner's Motion, which comprises only two pages, fails to address any of the *Rhines* factors. (*See generally* Doc. No. 19). Rather, the Motion comprises wholly conclusory statements that Petitioner "has GOOD CAUSE," his "claim is not plainly meritless" and he has not "used abusive litigating tactics." (*Id*. at 2). At the outset, Petitioner's Petition is not a mixed petition, but the Ninth Circuit has found the district court can in its discretion grant a *Rhines* stay to a wholly unexhausted § 2254 petition. *Mena v. Long*, 813 F.3d 907, 911 (9th Cir. 2016). Nonetheless, as found in the pending Findings and Recommendations, the undersigned recommended that Respondent's motion to dismiss be granted not only because Petitioner failed to exhaust his state administrative remedies with respect to both of his claims, but also because both of Petitioner's claims involve only the application of state sentencing law and are not cognizable on federal habeas review. (Doc. No. 18 at 5-6).[1] Where, as here, the claims to be exhausted are not cognizable on federal habeas or plainly meritless, a stay should not be granted under *Rhines* because a stay would be futile. *See Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017) ("A federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under *Rhines*."); *Gonzales v. Pfeffer*, 2020 WL 5520597, at *4-5 (C.D. Cal. Aug. 6, 2020) (finding Petitioner was not entitled to a stay under *Rhines* or *Kelly* because his claim concerning denial of his petition for resentencing was noncognizable on federal habeas review); *Montes v. Frauenhiem*, 2020 WL 2139334, at *2 (C.D. Cal. 2020) (finding a stay under *Kelly* or *Rhines* would be futile because the claim in question

---

[1] A federal court is authorized to deny relief on the merits of an unexhausted claim. *Gatlin v. Madding*, 189 F. 3d 882, 889 (9th Cir. 1999).

was not cognizable, and specifically noting that petitioner's attempt to frame his state law sentencing claim as "one involving a violation of his federal constitutional right to due process" did not render the claim cognizable); *Bell v. Arnold*, 2017 WL 4174402, at *3 (C.D. Cal Aug. 31, 2017) ("Obviously, there is no reason for a court to exercise its discretion to stay an action if the claim for which the stay is sought is not cognizable or is plainly meritless, as such a stay would be a fruitless and time-wasting event.")  Thus, the undersigned recommends Petitioner's Motion be denied.

Accordingly, it is **RECOMMENDED**:

Petitioner's Motion to Stay (Doc. No. 19) be **DENIED**.

### NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id.*; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."  The assigned District Judge will review these Findings and Recommendations under 28 U.S.C. § 636(b)(1)(C).  A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: \_\_\_July 3, 2024\_\_\_

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE