UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED BLACKMON,<br><br>    Petitioner,<br><br>v.<br><br>CHRISTIAN PFEIFFER,<br><br>    Respondent. | Case No.: 1:23-cv-00497-KES-HBK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITIONER'S MOTION TO STAY, GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 1, 12, 18, 19, 22) |

    Petitioner Ted Blackmon is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On May 17, 2024, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss be granted, and the petition be dismissed for failure to state a cognizable federal habeas claim. Doc. 18. Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. In addition, the parties were "advised that failure to file objections within the specified time may result in the waiver of rights on appeal." *Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391,

1394 (9th Cir. 1991).  Petitioner did not file objections, and the deadline to do so has expired.  However, in response petitioner filed a motion stay.  Doc. 19.  Respondent filed an opposition to the motion to stay, and petitioner filed a response.  Docs. 20, 21.

On July 3, 2024, the assigned magistrate judge issued findings and recommendations recommending that petitioner's motion to stay be denied.  Doc. 22.  Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  In addition, the parties were "advised that failure to file objections within the specified time may result in the waiver of rights on appeal." *Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).  Petitioner did not file objections, and the deadline to do so has expired.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1), the court has conducted a de novo review of the case.  Having carefully reviewed the file, the court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis.

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  If a court denies a habeas petition on the merits, the court may issue a certificate of appealability only "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

The court finds that reasonable jurists would not find the court's determination that the petition should be denied debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.

Therefore, the court declines to issue a certificate of appealability.

    Accordingly:

1. The findings and recommendations issued on May 17, 2024, Doc. 18, are ADOPTED in full;
2. The findings and recommendations issued on July 3, 2024, Doc. 22, are ADOPTED in full;
3. Petitioner's motion to stay, Doc. 19, is DENIED;
4. Respondent's motion to dismiss, Doc. 12, is GRANTED;
5. The petition for writ of habeas corpus, Doc. 1, is DENIED;
6. The court declines to issue a certificate of appealability;
7. The Clerk of the Court is directed to terminate any pending deadlines/motions and CLOSE the case.

IT IS SO ORDERED.

Dated:   August 8, 2024

UNITED STATES DISTRICT JUDGE